# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
JASON TYLER LEWALLEN,          )
                               )
                Petitioner,    )
                               )
           v.                  )      1:09CV179
                               )
MR. LEWIS SMITH,               )
                               )
                Respondent.    )
```

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 7, 1997, in the Superior Court of Cabarrus County, Petitioner was convicted by a jury of possession of stolen goods, breaking or entering a motor vehicle, breaking or entering, and two counts of being a habitual felon. He was then sentenced to two consecutive terms of 121 to 155 months in cases 96CRS6093-94 and 96CRS10364-66.

Petitioner did not file a direct appeal. However, one year later, on May 7, 1998, he did submit a petition for a writ of certiorari to the North Carolina Court of Appeals. In that document, he sought a belated direct appeal. The petition was denied a few days later on May 13, 1998. Petitioner's next filing was made nearly six years later when he filed a motion for appropriate relief in the trial court on January 20, 2004. This was denied in June of 2007, but Petitioner filed a second motion for appropriate relief on November 14, 2008. This too was denied. Petitioner then filed a petition for certiorari in the North

Carolina Court of Appeals. After this was denied on January 23, 2009, Petitioner filed his habeas petition in this Court. The petition is dated as being mailed on March 10, 2009 and is file stamped as being received on March 12, 2009. Respondent has filed a motion seeking to have the petition dismissed.

## Discussion

Respondent requests dismissal on the ground that the petition was filed[1] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2244(d)(1). The AEDPA amendments apply to petitions filed under § 2254 after April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997).

Interpretations of the limitation periods found in 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). The limitation period ordinarily starts running from the date when the judgment of conviction became final at the end of direct review. Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).; Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002). Where no direct appeal is filed, the conviction becomes final when the time for filing a notice of appeal expires. See Clay v. United States, 537 U.S. 522 (2003).

Here, Petitioner did not file a direct appeal, but did seek a belated appeal a year after his judgment was entered. Respondent

---

[1] A petition is filed by a prisoner when the petition is delivered to prison authorities for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

-2-

makes a convincing argument that the request for a belated appeal had no effect on Petitioner's limitation period and that his time to file in this Court expired a year after his judgment was entered. However, this issue does not need to be decided in this case because, even if Petitioner's time to file began to run after the request for a belated appeal was denied, his habeas petition is still well out of time. The petition for certiorari requesting an appeal was denied on May 13, 1998. Petitioner did not submit his habeas petition until March of 2009, nearly nine years later and nearly eight years after his year to file would have run.

Petitioner's only argument is that North Carolina law allowed him to file his motion for appropriate relief at any time. Even if true, North Carolina's laws do not control the running of the federal limitations period once a petitioner's conviction is final. It is true that the one-year limitation period is tolled while state post-conviction proceedings are pending. <u>Harris</u>, <u>supra</u>. However, Petitioner's first post-conviction filing in the state courts was made in 2004, more than five and a half years after his request for a belated appeal was denied and more than four and a half years after the latest point that his time to file his habeas petition could have expired. Filings for state court relief made after the AEDPA time limit has expired do not restart or revive the time to file. <u>Minter v. Beck</u>, 230 F.3d 663 (4th Cir. 2000).

Petitioner's habeas petition was filed well out of time under 28 U.S.C. § 2244(d)(1)(A).[2]

The Fourth Circuit, as well as a number of courts, have held that the one-year limitation period is subject to equitable tolling in exceptional circumstances. Harris, supra; Sandvik, 177 F.3d at 1271 (collecting cases). However, Petitioner has not argued that such circumstances are present in this case. In fact, he has not even responded to Petitioner's motion to dismiss. Therefore, equitable tolling does not apply, the habeas petition was untimely filed, and Respondent's motion to dismiss should be granted.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (docket no. 3) be granted, that the habeas petition (docket no. 1) be dismissed, and that Judgment be entered dismissing this action.

　　　　　　　　　　　　　　/s/ Donald P. Dietrich
　　　　　　　　　　　　　**Donald P. Dietrich**
　　　　　　　　　　**United States Magistrate Judge**

August 10, 2009

---

[2]In certain circumstances, the time to file can run at other times, such as when previously undiscoverable evidence is discovered, a state-created impediment is removed, or a new constitutional right is recognized and made retroactively applicable by the United States Supreme Court. None of those circumstances apply here. All of Petitioner's claims are based on facts and law that were either known to him or knowable with reasonable diligence at the time of his conviction and sentence.

-4-